Thank you. Good morning. Welcome. Welcome to our browning courthouse here in San Francisco. We have a number of cases set for argument, but many have been submitted on the briefs case of Juan Medellin versus Blanche, Walid Majoub versus Blanche, United States of America versus Federico. Diaz de Leon versus Solar Mosaic LLC and Guo versus Blanche. All those cases have been submitted on the briefs, along with whole who's who's honor versus Blanche. So, um, the 1st case set for our argument this morning is Garcia Garcia versus Blanche. And I believe counsel are on video. So, you may begin. Good morning, your honors. May it please the court. Robert Jacobs for the petitioner. This case is about the immigration judge and a temporary appellate judge at the BIA, refusing to apply 9th Circuit precedent regarding whether family is a valid social group in the circuit. A nuclear family is a particular social group in the 9th Circuit period. Petitioner, are you saying it's a per se particular social group? They haven't applied a blanket rule, but the 9th Circuit precedent has 2 cases that are actually on point regarding the issue of family. And in the Prada v. Sessions case, they considered family as a particular social group. And there was nothing in the case that talked about that family being remarkable or having any particular social distinction. They actually split up the claim into 2 separate categories and found that both of their PSG claims were viable and that the aliens family without any qualifiers was a particular social group. There was a 2nd case, Rios versus Blanche. But the issue in Prada was nexus, right? Well, the nexus is the 2nd step, but there has to be a valid social group before you can move on to the analysis of nexus. But I guess I'm still unclear. Do you think that case is saying family can be a particular social group or family is always a particular social group? I think the precedent in the 9th Circuit, I'd like to say it's always, but I don't necessarily believe that. I can concede a little bit to the government that there could be a situation where a family is not necessarily a particular social group. But I think that is a remote situation. I think what the government, though, is intending on relying on is the LEA-2, which was reverted back to after a matter of RERM, that was intended to wipe out family completely as a valid social group. And I think also with the looper. But how does it wipe it out totally? It says family can be a social group, but you need something more. So I read LEA-2 as saying family can't be a per se social group, you need something more. And that doesn't seem inconsistent with what you just said. Well, I think, but I think that they're trying to raise the bar too high. They're trying to, I mean, the intent of it was to eliminate family as a valid social group. They're trying to raise the bar as if, you know, aliens, immigrants would have to prove that their family was part of the Kennedys or the Trump family. They're not holding it to a reasonable standard that was contemplated by the Ninth Circuit in both the Rios case and the Prada case. What's the language that does, I mean, I just see based upon these immigration decisions in the ordinary case, a nuclear family will not without more constitute a particular social group because most nuclear families are not inherently socially distinct. Does that statement conflict with Ninth Circuit law or it seems consistent, no? Well, I think it conflicts with the Rios and the Prada case. Neither in either of those cases, that was the family, particularly socially distinct or remarkable. In fact, in the Rios case, it was more about religion. And the Ninth Circuit on its own actually recognized that the case should have been analyzed under the argument of family and it got remanded for that reason. And it also emphasized that family as a particular social group does not have to be tied to another protected ground that it can stand on its own. And so that's the whole point is in the Ninth Circuit, they've recognized family as a quintessential social group, which essentially means it's a perfect example of a social group. And even in the cases cited by the government, that quotation has been included. What the government's arguing is that they're using all these cases with social group analysis, but they're looking at mostly gang cases, cases where people are claiming that there's some fear because of either imputed gang activity or threats from gangs or they were a wealthy businessman. Because particular social groups can be a wide variety of there can be a wide variety of arguments as to what your alleged social group is. Family is one of them. And most of the case law by the BIA and the Ninth Circuit covers other particular social group analysis on different arguments. But when you look only when you boil it down and look at the Ninth Circuit precedent on cases that are limited to the arguments for family, it does. The Ninth Circuit does say it's a quintessential social group and and you don't have to really go further in this particular instance. Are your two social groups basically boiling down just to family because you don't seem to make either social distinction or other sort of arguments about the second one of substantially physically looking like the murdered brother? Well, I'll boil down to family. Well, it was on the family, but his his remarkable likeness to his brother physically also is related to the argument of family. I think we asked for supplemental briefing in this case, but I don't think we received anything from you on behalf of your client. Is there a reason for that? No, Your Honor. The government's brief basically just addressed the looper case and was arguing that despite the fact that Chevron was overturned and the Ninth Circuit doesn't have to defer to the BIA or the agency decisions, they were there. They just basically said the looper case doesn't apply. And there was no need to really respond to that argument because regardless of whether Chevron applies here, it doesn't apply here, which it doesn't. But even if it did apply here, family is still a quintessential social group in the Ninth Circuit. And the overturning of Chevron is not that material to this case. It adds a little bit of an argument for us, but it's not dispositive. Going back to your the second proposed social group, the substantial physical likeness. How how would that how would there be social distinction for that for that proposed social group? Well, first of all, the. Even though I'm arguing that there's not social distinction, there's not a high bar requirement in the Ninth Circuit because of the case, the case law. In this case, the police told the family, I mean, this family did have social distinction after their brother was conspicuously murdered and the family was specifically told by the police. Don't let the males go to the funeral because they're in danger. I mean, that that alone is it should be satisfactory to the to the BIA that there was social distinction in this case because that is what happened. The fact that the police kind of called the family out as a unit that should stay away from the. Absolutely. Yeah. Yeah. That that fact alone supports our argument. And so if there is a if there is a bar in the Ninth Circuit that there had needs to be some social distinction that has been met here. But the bar that that the government is attempting to apply by reverting back to a matter of L.A. to that's that's an that's an unreasonable, unbelievably high burden that the Ninth Circuit doesn't. Doesn't the social group have to exist independently of the fact of persecution because the persecutors or perception is not itself enough to make a group socially distinct? Don't we have case law on that? What's your response to that? The well, the social distinction is. Is it I mean, it can be from the persecutor and also can be from the community, but when it comes from the community, I mean, we do have that here, as I stated before, regarding the warning from the police. But, yeah, I think I think that we do have that here. You have what here? That we have social distinction and by both the persecutors and in the community. If the other brothers are living in Mexico unharmed. I guess doesn't that undermine your family particular social group? I know that your client testified, oh, but they don't look like the deceased murdered brother. But if the particular social group is family, then you would think the other men in the family would equally be persecuted, wouldn't you? Yes, the other members of the family could be equally persecuted. However, the analysis under the asylum law is not whether the other family members have since been persecuted. We're just looking at whether the judge in this case and the board should have dismissed this claim almost entirely based on stating that their that family is not a social group in this case. Do you want to while your time is up? Thank you. Okay. Thank you. You're up, Miss Blah. Oh, I'm sorry. Your honors may please the court. Robin Blah for the government. In this case, your honor, we respectfully note that we were ordered to file supplemental briefs on Lover Bright. We did. He did not. He said several opportunities to discuss the social distinction finding by the board. And he didn't do that in his brief. He could have done it in a reply brief or in that supplemental brief in his brief to the court. He he I think it's on page 16 talks about distinction, but does not like point to any real evidence that indicates that this group is socially distinct in Mexican society, which was required. And this how and how is the agency's the BIA's conclusion here not contrary to our existing precedent that families, the quintessential social group? Well, your honor, I found this Gomez v. Bondi case that's from 2025. You you can't just automatically jump to this is a particular social group. You have to do the three step, the three prong analysis for social group to be considered a social group here. He just jumps over that and says, oh, families, the quintessential group. That's not that's not how this works. But where did the agency do that three step? Right. They just the IJ just cited L.A. saying. In an ordinary case, a nuclear family will not constitute a PSG. I believe they that if I remember correctly, I believe the immigration judge did talk about the immutability aspect. And then got then discussed the social distinction because all three prongs have to be met and found that social distinction wasn't met in this case. Did the BIA do that? Did the board? No, they did. They did point out, I believe, that they had to that he had to meet the three prong analysis. But then they talked solely about social distinction. So the IJ found the two groups were immutable, then said neither group is socially distinct. There's no evidence of the record that the substantial physical likeness to the respondents murder brother is a group that Mexican people generally recognize and then just said L.E.A. too. So was there a an actual factual finding on social distinction with respect to the first? Group of family. I mean, the the immigration judge did consider it and under L.E.A. considered that like they're not nor it's not automatically a social group that he did need to to show evidence indicating like that there was there that there was some social group that his group was considered distinct within Mexican society. He didn't he just cursorily like said, oh, my case, you know, my case, I'm family. It's a social group. That's that's not the type you need to provide evidence. This court has said that you need to provide evidence. What evidence what evidence in your view would petitioner need to provide? It seems like his PSG is his nuclear family. And what what else would he need to to provide? I mean, he's providing it basically from his persecutors perspective, but that's not how the society Mexican society considers his. Well, that he testified to how his family was being targeted. His sisters received threats after his brother was killed. I'm just curious what what more would he have needed? I mean, he he basically just concludes that the family was being sought because of his brother. There's no indication they have. He indicated that they have no idea who killed his brother, who sent these notes. They have no indication why. I mean, it could have been just common crime that these were being, you know, common extortion. Did the BIA go through that analysis? Your Honor, no, but I mean, that matter to us that the BIA didn't go through that analysis. I mean, he they found that it wasn't socially distinct. He didn't provide any. They were more focused on the particular social group than they were like on, you know, who was who he was claiming was persecuting him in the past or his family. I should say he wasn't persecuted. And so so you're not and you're not asking us to overturn our precedent that says that family is PSG. I think it seemed like from your supplemental brief that you're asking us to deny under the substantial evidence. But without the BIA going through this analysis, I'm not quite sure how we would do that. By this court's own case law, I don't believe it's made any exception for a family like they have to. This court has said that to establish a particular social group, you have to show those three prongs. Yeah, but regardless of persecution, it seems like his nuclear family exists independently of the fact of persecution, doesn't it? Under our case law. I'm sorry, could you ask that again? His nuclear family seems exists independently of the fact of persecution. And that's what it seems like under our case law. So I'm trying to figure out what else does he need to show? Under this court's case law, they've said that he should show his group is is distinct by media reports, country conditions, evidence. What case are you referring to? Just so I can see if the facts are similar. I believe it's Gutierrez-Alms, Your Honor. You believe or it is? I'm sorry, I just want to be clear because that's what I'm going to look at for this. Yes, it's Gutierrez-Alms. Can I ask you, if the Mexican police tell the men in the family, don't get involved, so no one else gets, you know, nothing happens to anyone else. Why isn't that the Mexican government acknowledging that this family is socially distinct, or at least the men in this family are socially distinct? I mean, there are other members of his family that are still in Mexico that have not been male members that have not been harmed. Right, now that might go to the merits of the claim, and that's an analysis that would have to come later, but just on the social distinction element only. It's not clear from the record why they said that. Well, but it could still be evidence that the Mexican government thinks the men in this family are socially distinct. I mean, I guess it could be, but the evidence isn't clear on that. There could have been other reasons why they said that. I'm sorry, you, I'm sorry, Judge Koh, were you done with your question? Yes. Okay, you referred us to Gutierrez-Alms, but I'm just wondering what part of Gutierrez-Alms you think supports your argument, because in Gutierrez-Alms, we recite our holding, again, that family is the quintessential social group, but that in that case, Gutierrez had not, the record didn't compel the conclusion that Gutierrez-Alms would have been targeted based upon his father's opposition to the Sandinista government in that case. But here you have a petitioner who's arguing that he is going to be targeted because he looks like his brother. So you offered us some evidence here. I'm just wondering how Gutierrez-Alms actually supports your point, because again, we did reemphasize our holding there. Gutierrez-Alms requires that social distinction analysis requires an evidence-based inquiry. And so as to whether the relevant society considers that group socially distinct within it. And that's where they said that ordinarily, like you would show that through country conditioned evidence or reports, expert witness testimony. When it comes to the proposed family social group in Gutierrez-Alms, the holding is that his third proposed social group, family members of people who oppose the government, fails while it is generally accepted that the family remains the quintessential particular social group. The record does not compel the conclusion that Gutierrez-Alms would be targeted for persecution based on his father's opposition to the Sandinista government. When we talk about social distinction there, it's referring to his claim about gang membership, not to his family, a proposed social group in that case. So I guess I don't, you might refer me to some other portion of that case, but I don't see the portion of the case where we're talking about social distinction and family. I'm not aware of any case that this court has said that you shouldn't have to do the three-prong analysis of the social group. I think in the past that part of the problem with the first LEA case was that the parties just assumed that a family was a social group and went from there. And that's part of the reason LEA 2 overruled LEA 1. And I think that's some of that comes into play here. Do you have anything else? No, if you have no further questions. All right. Thank you. Thank you. Mr. Jacobs, you're out of time, but I'll give you one minute to respond. Thank you. Even if we went back to LEA 1 or LEA 2, the Ninth Circuit had separate precedent and they did not have to follow LEA 1 or 2. So, in a sense, that's quite irrelevant. Not irrelevant, but it's not dispositive. And that also goes back to the fact that Luper overruled Chevron is also not necessarily dispositive. Regardless, the Ninth Circuit precedent has always been that family is a quintessential social group. And if there's any social distinction required, it definitely has been met here. And that the level required by the Ninth Circuit is nowhere near the level that's alleged or suggested by matter of RERM. And also going back to the Gutierrez-Alm case, they were analyzing four actual claims and fearing gang recruitment, deportees, and being a suspected gang member in addition to family. And as stated, the analysis of the three prompt tests went more towards the other three social groups. And also the family social group in that case wasn't a case like we have here. It was whether he could be targeted for persecution based on father's opposition to the Sandinista government back in the 1980s. And this is a case from 2023. Whereas in our case, we're talking about the family had received death threats or extortion threats as recently as two weeks before the May 2021 hearing. And so the fact of the family being recognizable is much more apparent here than it would be in a 2023 case talking about whether something that happened in the 1980s would cause that family to continue to be cognizable. All right. Thank you very much, Mr. Jacobs and Ms. Balaya. I appreciate your oral argument presentations here today.
judges: MURGUIA, KOH, THOMAS